UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CARL JOHNSON,

        Plaintiff,

v.                                                 Case No. 19-cv-237-pp

NANCY A. BERRYHILL,

        Defendant.

---

**ORDER GRANTING MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 3)**

---

        The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying his claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. He also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

        To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

        Based on the facts in the plaintiff's affidavit, the court concludes that he does not have the ability to pay the filing fee. The affidavit is somewhat confusing. The plaintiff answered the question "are you employed?" by checking the "yes" box, dkt. no. 3 at 1, but he later states, "I am not currently employed as I am disabled," id. at 4. Given that the plaintiff lists the amount of his wages or salary as zero, id. at 2, the court will assume that he is not

working. The plaintiff discloses income of $980 per month from rental assistance/food share and gifts. Id. He lists expenses of $800 for rent, $30 for credit card payments and $915 for other household expenses—a total of $1,745[1] a month, and well over his reported monthly income. Id. at 2. The plaintiff does not own a home. Id. at 3. He reports that he has a 2000 Chevy Silverado, but does not state a value for it. Id. He says he has $5 in cash or a checking or savings account, and he does not own any other property of value. Id. at 3-4. The plaintiff has demonstrated that he cannot pay the $350 filing fee and the $50 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 Fed. 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint states that he is disabled, and that the Commissioner's conclusions and findings of fact supporting denial of benefits

---

[1] The plaintiff stated that his total monthly expenses came to $1,165, almost $600 less than the sum of the individual expenses he listed. Dkt. No. 3 at 3. The court assumes this is the result of a math error.

are not supported by substantial evidence and are contrary to law and regulation. Dkt. No. 1 at 1. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without paying the filing fee. Dkt. No. 3.

Dated in Milwaukee, Wisconsin this 26th day of February, 2019.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**